# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

MEHERRIN AGRICULTURAL AND : 
CHEMICAL COMPANY, :
:
    Plaintiff, :
: Civil Action No.
v. : 7:10-CV-83 (HL)
:
JOHN E. GRINSTEAD, :
:
    Defendant. :
_____ :

## ORDER

Before the Court is the Defendant John E. Grinstead's ("Grinstead") motion to transfer this case from the Valdosta Division to the Macon Division (Doc. 5). For the following reasons, the motion is granted.

The complaint alleges Grinstead breached a credit application with the Plaintiff and consequently owes the Plaintiff $93,530.82. The complaint was filed in the Valdosta Division because the complaint alleged that Grinstead resided in Thomas County, Georgia.[1] In an affidavit filed as an exhibit to his motion to transfer venue, Grinstead avers that he neither has resided in Thomas County nor has operated any businesses in Thomas County. He avers that his residence is in Perry, Georgia located in Houston County and that he operates businesses in Houston, Dooly, and Macon Counties. He asks the Court to transfer this action to the Macon Division

---

[1] Thomas County is located within the Valdosta Division.

because the Macon Division encompasses Houston County, Dooly County, and Macon County. The Plaintiff has not filed a response.

The Middle District of Georgia's Local Rule 3.4 states that in civil cases, the plaintiff's complaint may be filed "in the division in which the plaintiff resides, the defendant resides or the claim arose" and "the clerk of the court is directed to transfer to the appropriate division any civil case that is filed in a division in which neither the plaintiff or defendant resides nor the claim arose." M.D. Ga. L.R. 3.4.

Grinstead has presented evidence that he does not reside in the Valdosta Division. Grinstead has not challenged the Plaintiff's assertion that it resides in North Carolina. The credit application attached to the complaint as an exhibit shows a Perry address for Grinstead indicating that the claim did not arise in Thomas County. The unrebutted record evidence therefore reveals that the Valdosta Division is an inappropriate division in which to file the complaint and that the appropriate division is the Macon Division. Accordingly, Grinstead's motion is granted and the clerk is directed to transfer this case from the Valdosta Division to the Macon Division

**SO ORDERED**, this the 17th day of November, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc.